# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. |
| **MISCELLENOUS COMPUTER EQUIPMENT,** | |
| Defendant. | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, Timothy A. Garrison, United States Attorney for the Western District of Missouri, and Stacey Perkins Rock, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 18 U.S.C. §§ 2252, 2253 and 2254.

### THE DEFENDANTS *IN REM*

2. The defendant property consists of the following property that was seized from Douglas Fullerton on June 5, 2018 at his residence in Branson, Missouri and at his place of employment in Branson, Missouri. The defendant property is presently in the custody of the United States Department of Homeland Security in Springfield, Missouri.

**From Residence**

| Item | Serial number | Make | Model |
|---|---|---|---|
| Customer built homemade computer/black tower | | | |
| IMAC Computer | W8745136X87 | | |
| IMAC Computer | W8810DQHZE3 | | |
| Mac Mini | C071D19DQDD6H | | |
| Western Digital Hard Drive | WXMOAC959568 | | |
| 8 Flash Drives | | | |
| 10 Optical Discs | | | |
| Western Digital Hard Drive 4TB | WX61D17DP986 | | |
| 4 Blizzard Authenticators | | | |
| Custom Coolmaster Tower | | Custom | Coolmaster |
| 6 Western Digital External Hard Drives | | Western Digital | |
| Mac Mini | C07CV84NDD6K | Mac | Mini |
| SD card | | Sandisk | |
| Kotor Authenticator | | Kotor | Authenticator |
| 30 Hard Drives | | | |
| 224 Optical Discs | | | |
| IPad Mini | | | MINI A1538 |
| 16 GB Sandisk | | Sandisk | Cruzer16GB |
| Mac Mini | | | Mini |
| Raid Enclosure | | Raid | Enclosure |
| Dell all in one computer | CN054KKDW520079C | Dell | All in One |
| HP Laptop | NF1013X62 | HP | Laptop |
| Customs Designs Tower | | Custom Design | Computer Tower |
| PNY 4GB Thumb Drive | | | |

| Item | Serial number | Make | Model |
|---|---|---|---|
| Custom Built Computer | BQ12500184 | Custom Built | Computer Tower |
| Western Digital HD | WMC1U8521777 | Western Digital | |
| Western Digital HD | WMAV52391492T | Western Digital | |
| Western Digital HD's (2) | WX21D57FPUX | Western Digital | |
| Western digital Hard Drive (Blue) | WX41D37A8DAX | Western Digital | |
| Western Digitial HD | WU2Q1032559 | Western Digital | |
| Western Digital HD | WU2Q10228536 | Western Digital | |
| Synology NAS | A5H2N00142 | NAS | D5210 |
| Thermaltake Server | 1312060145820204 | | |
| Network Storage Device | TR4UTBPN141106105009 | | |
| Custom Cube Server | | Custom Cube | |
| Synology Disc Station | 1790PDN446907 | Disc Station | D5981 |
| Synology Disc Station | 8CF5N00167 | Disc Station | DS209 |
| 4GB SD CARD | | | |
| My Book Server | WUBS28891693 | | SERVER |
| Cruzer 4GB Flash Drive | | | |

**From Work**

| Item | Serial number | Make | Model |
|---|---|---|---|
| Alien Ware Laptop | Service code Number 15709575998 | | |
| IPhone 5 Cell phone | | IPhone | 5g |

3

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. § 2254.

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; and pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395, and 18 U.S.C. § 981(h) referencing 28 U.S.C. § 1395, because a criminal prosecution of the owner of the property has been brought in this district and the owner of the property is located in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; pursuant to 28 U.S.C. § 1395, because the action accrued in this district and the property is located in this district; and pursuant to 18 U.S.C. § 981(h), because a criminal prosecution of the owner of the property has been brought in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 2254 because, pursuant to 18 U.S.C. § 2253, it constitutes property used or intended to be used to commit or to promote the commission of an offense described in 18 U.S.C. § 2252(a)(2) and (b)(1), that is, knowingly receiving and distributing any visual depiction, using any means or facility of interstate or foreign commerce, that has been mailed, and that has been shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer, and the

production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

## FACTS

7. Between January 31, 2018, and February 5, 2018, Southwest Missouri Cybercrimes (SMCCTF) Task Force Officer (TFO) Larry Roller downloaded multiple files containing depictions of child pornography from a device utilizing an IP address via the eMule peer-to-peer file sharing network. One of the images depicted a nude pubescent female engaged in the act of masturbation.

8. An investigative subpoena was sent to Centurytel for the subscriber information associated with that IP address on the dates that the files depicting child pornography were downloaded. On February 6, 2018, Centurytel identified the subscriber to that IP address as Douglas Fullerton (Fullerton), with a service address of Branson, Missouri.

9. On June 21, 2018, a federal search warrant based on probable cause authorized the search of Fullerton's residence in Branson, Missouri. The warrant was executed on June 25, 2018. Upon arrival, the investigators made entry into the residence and located a sophisticated computer room, equipped with multiple computers and high capacity storage devices.

10. Fullerton was contacted at his place of employment and was asked to meet with the investigators. Fullerton agreed to meet with investigators and acknowledged that he had downloaded numerous files depicting minors engaged in sexual acts. During a post Miranda interview, Fullerton confessed that he had downloaded and saved at least 500 depictions of prepubescent children engaged in sexually explicit conduct. Fullerton explained he had the child porn files in folders,

5

for example "teen" and "pre-teen." An on-scene computer forensic preview located files as described and located images of child pornography.

11. A consent to search was obtained for the Aleinware laptop that Fullerton had at his workstation. Fullerton's IPhone was also seized.

12. Fullerton's home computer system was elaborate. It included a room acting as a control center with a wraparound desk, multiple large screen monitors networked to multiple storage devices in a closet and adjoining room. Fullerton's system had gaming capabilities and storage for other activities which also contained porn and child porn storage capabilities. From the control center room the internet was accessed by the central system and items could be saved to multiple inter-phased storage devices. Fullerton had the capabilities of approximately 150 TB of storage which is unusually large for an ordinary user.

13. To date computer forensics examiners have examined about 15% of Fullerton's computer system which returned approximately 10,000 images and videos of child pornography. Approximately 1,000,000 images and videos have not yet been classified but computer forensic examination is ongoing.

14. It was evident from new equipment located in the residence that Fullerton was still in the process of adding to his computer networking system. Agents only seized items that could contain child pornography. Monitors, computer mouse and other related non-storage devises were left at the residence.

15. The illicit imagery was determined to have traveled via the internet, and the computers used to receive and distribute such imagery had not been manufactured in the state of Missouri.

## CLAIM FOR RELIEF

16. The Plaintiff repeats and incorporates by reference paragraphs one through 15 above.

17. By the foregoing and other acts, the above-listed miscellaneous computer equipment was used or intended to be used to commit or to promote by computer the receiving or distribution of visual depictions of material involving child pornography, and therefore, is forfeitable to the United States pursuant to 18 U.S.C. § 2254.

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Timothy A. Garrison
United States Attorney


By:   */s/ Stacey Perkins Rock*
Stacey Perkins Rock, #66141
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-7173
E-mail: Stacey.Perkins-Rock@usdoj.gov

7

## VERIFICATION

I, Special Agent James D. Holdman, Jr., hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Homeland Security Investigations, that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs seven through 15 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of Homeland Security Investigations.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated  11/5/18                                        */s/ James D. Holdman, Jr.*
                                                                James D. Holdman, Jr.
                                                                Special Agent
                                                                Homeland Security Investigations

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s):**
First Listed Plaintiff:
United States of America ;
**County of Residence:** Greene County

**Defendant(s):**
First Listed Defendant:
Miscellaneous Computer Equipment ;
**County of Residence:** Taney County

**County Where Claim For Relief Arose:** Taney County

**Plaintiff's Attorney(s):**
Assistant United States Attorney Stacey Perkins Rock ( United States of America)
United States Attorney's Office
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
**Phone:** 816-426-7173
**Fax:**
**Email:** stacey.perkins-rock@usdoj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
    **Plaintiff:** N/A
    **Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 690 All Other Forfeiture and Penalty Actions

**Cause of Action:** The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 2254 because, pursuant to 18 U.S.C. § 2253, it constitutes property used or intended to be used to commit or to promote the commission of an offense described in 18 U.S.C. § 2252(a)(2) and (b)(1), that is, knowingly receiving and distributing any visual depiction, using any means or

facility of interstate or foreign commerce, that has been mailed, and that has been shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

**Requested in Complaint**

    **Class Action:** Not filed as a Class Action

    **Monetary Demand (in Thousands):**

    **Jury Demand:** No

    **Related Cases:** Is NOT a refiling of a previously dismissed action

---

**Signature:** Stacey Perkins Rock

**Date:**   11/6/18

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.